JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JURON D. ERVIN,<br><br>    Plaintiff,<br><br>v.<br><br>M. LEON, et al.,<br><br>    Defendants. | Case No. 5:24-cv-01024-DDP-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION |

**I.**

**BACKGROUND**

Plaintiff Juron D. Ervin ("Plaintiff") filed his original pro se civil rights complaint under 42 U.S.C. § 1983 against five defendants in May 2024. (Dkt. 1.) All of the defendants are employees of either the California Rehabilitation Center ("CRC") in Norco or the California Institution for Men ("CIM") in Chino. (Id.) The previously assigned magistrate judge, Judge Wilner, dismissed the Complaint with leave to amend. (Dkt. 7 at 1.) Judge Wilner determined that the factual allegations against Defendant Leon were vague and based on "a convoluted, hearsay-based attribution," and that the factual allegations against Defendant

1

Zamora "could not plausibly rise to the level of a constitutional violation" due to insufficient facts. (Id. at 1–2.)

In June 2024, Plaintiff filed the First Amended Complaint ("FAC"). (Dkt. 9.) Plaintiff named only CRC Correctional Officer ("CO") C. Leon ("Defendant Leon") and CRC CO O. Zamora-Rios ("Defendant Zamora") as defendants and sued them in both their individual and official capacities. (Id. at 3.) Judge Wilner dismissed the FAC with leave to amend because "the allegations against Officers Leon and Zamora remain[ed] essentially unchanged." (Dkt. 10 at 2.) Most of the language used in the FAC was taken "word-for-word from the original – and factually inadequate – complaint." (Id.) Plaintiff merely added "conclusory language" to support his claims. (Id.)

In July 2024, Plaintiff filed the operative Second Amended Complaint ("SAC"). (Dkt. 13.) The SAC sues both Defendants Leon and Zamora in their individual, but not their official, capacity. (Id. at 3.) The SAC includes a paragraph in which Plaintiff asserts that he can provide affidavits from other inmates but is unwilling to name them in his pleadings. (Id. at 7-8.)

In the SAC, Plaintiff alleges that he was seriously injured on January 30, 2024, when a group of Hispanic inmates attacked him at CRC. (Dkt. 13 at 3.) He alleges that Defendant Leon is responsible for the attack because he "stir[red] up animosity against" Plaintiff that provoked the attack. (Id. at 6.) Plaintiff alleges that Defendant Zamora failed to protect him after he alerted the CO of "the potential security threat set in motion by Officer Leon." (Id.)

On September 17, 2024, this Court issued an order dismissing the SAC with leave to amend. (Dkt. 15.) The Court supported its order on the following findings: (1) Plaintiff failed to allege "sufficient facts about [Defendant] Leon's involvement to raise Plaintiff's entitlement to relief above the speculative level" in support of his Eighth Amendment excessive force claim; (2) Plaintiff failed to state a Fourteenth Amendment due process claim against Defendant Leon; (3) Plaintiff

failed to state a Fourteenth Amendment equal protection claim against Defendant Leon; and (4) Plaintiff failed to state an Eighth Amendment failure-to-protect claim against Defendant Zamora. (Id. at 5-9). The Court dismissed the SAC with leave to amend to allow Plaintiff to "add more facts about the reliability of the hearsay information he received about Defendant Leon" and more facts about "what he told Defendant Zamora and what, if anything, he asked or expected Defendant Zamora to do to protect him," given the short window of time between their conversation and the attack. (Id. at 10.) Plaintiff's Third Amended Complaint was due by October 16. (Id.)

On October 4, 2024, this Court's September 17 dismissal order, which was mailed to Plaintiff at CIM, was returned as undeliverable; markings on the envelope indicate that Plaintiff is on parole. (Dkt. 17.) Because the dismissed order was returned, Plaintiff may be unaware that the SAC was dismissed with leave to amend. Plaintiff has not filed a notice of change of address. In fact, as of the date of this order, the Court has not received any further filings from Plaintiff.

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1] Local Rule 41-6 provides:

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

3

1    A party proceeding <u>pro se</u> must keep the Court and all other parties

2    informed of the party's current address as well as any telephone

3    number and email address.  If a Court order or other mail served on a

4    <u>pro se</u> plaintiff at his address of record is returned by the Postal

5    Service as undeliverable and the <u>pro se</u> party has not filed a notice of

6    change of address within 14 days of the service date of the order or

7    other Court document, the Court may dismiss the action with or

8    without prejudice for failure to prosecute.

9    L.R. 41-6.

10       The Court has discretion to dismiss the action with or without prejudice.

11   <u>See</u> Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain

12   exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b)

13   "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court

14   provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without

15   prejudice"); <u>Al-Torki v. Kaempen</u>, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal

16   with prejudice and default on counterclaims, for willful and inexcusable failure to

17   prosecute, are proper exercises of discretion under Federal Rules of Civil

18   Procedure 41(b), 16(f), and the inherent power of the court.").

19       In determining whether to dismiss a case for failure to prosecute or failure to

20   comply with court orders, the Ninth Circuit has instructed district courts to

21   consider the following five factors: (1) the public's interest in expeditious

22   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

23   prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the

24   public policy favoring disposition of cases on their merits.  <u>In re</u>

25   <u>Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir.

26   2006).  The test is not "mechanical," but provides a "non-exhaustive list of things"

27   to "think about."  <u>Valley Eng'rs v. Elec. Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir.

28   1998).

# III.

## DISCUSSION

Here, the first two factors favor dismissal.  The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."  Id. (internal quotations marks omitted).

The third factor—prejudice to Defendants—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors.  Because this Court dismissed the SAC on screening, Defendants have not been served.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served).  On the other hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale."  Pagtalunan, 291 F.3d at 643.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior orders warned Plaintiff that failure to respond might result in a dismissal of this action.  (Dkt. 15 at 10, 11.)  The Court also warned Plaintiff that he needed to keep the Court apprised of his current mailing address.  (Id. at 11.) See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal

can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, the effect of this factor is somewhat mitigated by the fact that Plaintiff's SAC failed to state a claim for relief for the reasons explained in the Court's September 17, 2024 dismissal order. (Dkt. 15.)

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rules 41-1 and 41-6. Considering all of the circumstances, and in particular given that Plaintiff is proceeding pro se, the dismissal shall be without prejudice.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED:  November 19, 2024

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

6