JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JURON D. ERVIN, | Case No. 5:24-cv-01024-DDP-KES |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION |
| M. LEON, et al., | |
| Defendants. | |

## I.

## BACKGROUND

Plaintiff Juron D. Ervin ("Plaintiff") filed his original pro se civil rights complaint under 42 U.S.C. § 1983 against five defendants in May 2024. (Dkt. 1.) All of the defendants named in the Complaint were employees of either the California Rehabilitation Center ("CRC") in Norco or the California Institution for Men ("CIM") in Chino. (Id.) He brought claims under the Eighth and Fourteenth Amendments. (Id.) In the Complaint, Plaintiff alleged that he was seriously injured on January 30, 2024, when a group of Hispanic inmates attacked him at CRC. (Dkt. 1 at 5-6.) He alleged that CRC Correctional Officer ("CO") C. Leon

("Defendant Leon") was responsible for the attack because he "told some of [Plaintiff's] Hispanic dorm-makes that [Plaintiff] needed to be taught a lesson or else [Defendant Leon] would have the entire dorm ramshacked and take more property." (Id. at 6.) Plaintiff alleged that CRC CO O. Zamora-Rios ("Defendant Zamora") failed to protect him after he alerted the CO of the potential attack set in motion by Defendant Leon. (Id.)

The previously assigned magistrate judge, Judge Wilner, dismissed the Complaint with leave to amend. (Dkt. 7 at 1.) Judge Wilner determined that the factual allegations against Defendant Leon were vague and based on "a convoluted, hearsay-based attribution," and that the factual allegations against Defendant Zamora "could not plausibly rise to the level of a constitutional violation" due to insufficient facts. (Id. at 1–2.)

In June 2024, Plaintiff filed the First Amended Complaint ("FAC"). (Dkt. 9.) Plaintiff named only Defendant Leon and Defendant Zamora as defendants and sued them in both their individual and official capacities. (Id. at 3.) Judge Wilner dismissed the FAC with leave to amend because "the allegations against Officers Leon and Zamora remain[ed] essentially unchanged." (Dkt. 10 at 2.) Most of the language used in the FAC was taken "word-for-word from the original – and factually inadequate – complaint." (Id.) Plaintiff merely added "conclusory language" to support his claims. (Id.)

In July 2024, Plaintiff filed the Second Amended Complaint ("SAC"). (Dkt. 13.) The SAC sued both Defendants Leon and Zamora in their individual, but not their official, capacity. (Id. at 3.) The SAC included a paragraph in which Plaintiff asserts that he can provide affidavits from other inmates but is unwilling to name them in his pleadings. (Id. at 7-8.)

On September 17, 2024, this Court issued an order dismissing the SAC with leave to amend to allow Plaintiff to "add more facts about the reliability of the hearsay information he received about Defendant Leon" and more facts about

"what he told Defendant Zamora and what, if anything, he asked or expected Defendant Zamora to do to protect him," given the short window of time between their conversation and the attack. (Dkt. 15 at 10.) Plaintiff's Third Amended Complaint ("TAC") was due by October 16, 2024. (Id.)

On October 4, 2024, this Court's September 17 dismissal order, which was mailed to Plaintiff at CIM, was returned as undeliverable. (Dkt. 17.) Plaintiff had not filed a notice of change of address. Accordingly, on November 19, 2024, the Court dismissed the action without prejudice for lack of prosecution. (Dkt. 19.)

On December 5, 2024, Plaintiff constructively filed a letter challenging the order dismissing his case. (Dkt. 21) He contended that he was "dealing with extreme retaliation before and after filing" the Complaint. (Id. at 1.) He complained that he was not receiving mail in a timely manner while in prison, even though his address had not changed. (Id.) He requested that the Court reinstate his case. (Id. at 2.)

The Court construed this letter as a motion for reconsideration. (Dkt. 23.) On December 16, 2024, the Court granted this motion and reinstated the case. (Id.) The Court ordered Plaintiff to file a TAC on or before March 1, 2025, thereby giving Plaintiff more than two additional months to file a TAC. (Id.) The order informed Plaintiff that "[f]ailure to file an amended complaint may result in dismissal of the action." (Id.)

The Court did not receive a TAC from Plaintiff by March 1, 2025. Nevertheless, the Court extended the deadline to file a TAC again to March 31, 2025. (Dkt. 25.) As of the date of this order, the Court has not received a TAC or any other motions from Plaintiff.

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed.

R. Civ. P. 41(b); <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-30 (1962); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1]

The Court has discretion to dismiss the action with or without prejudice. <u>See</u> Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); <u>Al-Torki v. Kaempen</u>, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits.  <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006).  The test provides a "non-exhaustive list of things" to "think about."  <u>Valley Eng'rs v. Elec. Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998).

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# III.

## DISCUSSION

Here, the first two factors favor dismissal.  The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."  Id. (internal quotations marks omitted).

The third factor—prejudice to Defendants—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors.  Because this Court dismissed the SAC on screening, Defendants have not been served.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served).  On the other hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643.  The fact that Plaintiff failed to file a TAC in October 2024 and has still failed to file a TAC after the Court extended this deadline twice, making the new deadline March 31, 2025, demonstrates unreasonable delay.  (Dkt. 25.)

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior orders warned Plaintiff that failure to respond might result in a dismissal of this action.  (Dkt. 15 at 10, 11.)  Indeed, this case was previously dismissed for failure to prosecute.  (Dkt. 19.)

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. <u>Pagtalunan</u>, 291 F.3d at 643 (9th Cir. 2002). However, the effect of this factor is somewhat mitigated by the fact that Plaintiff's SAC failed to state a claim for relief for the reasons explained in the Court's September 17, 2024 dismissal order. (Dkt. 15.)

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. Considering all of the circumstances, and in particular given that Plaintiff is proceeding <u>pro se</u>, the dismissal shall be without prejudice.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED:  May 5, 2025

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE